IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER RUSANOWSKY, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>) Civil Action No. 3:22-cv-1132<br>CITY OF DALLAS and SGT. )<br>ROGER A. RUDLOFF, individually )<br>and in his official capacity as a Dallas )<br>Police Department Police Officer, )<br>)<br>*Defendants*. )<br>) | |

**JOINT REPORT FOR CONTENTS OF SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 26, the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (Docket No. 16), and the Local Rules of the Court, the parties have conferred, as required, and respectfully submit this Joint Report.

**(a) Description of the nature of the case and the contentions of the parties.**

This is an action brought by Plaintiff seeking damages from Defendants for constitutional torts committed by the City of Dallas and Sergeant Roger A. Rudloff. Plaintiff raises three claims against Defendant Sgt. Rudloff:

> *(i)* Violation of Plaintiff's First Amendment rights because Defendant Rudloff conducted a retaliatory arrest of Plaintiff for exercising his right to record police activity as a member of the press;
>
> *(ii)* Violation of Plaintiff's Fourth Amendment rights because Defendant Rudloff conducted a warrantless arrest of Plaintiff without probable cause;

>    *(iii)*   Violation of Plaintiff's Fourth Amendment rights because Defendant Sgt. Rudloff initiated criminal legal charges against Plaintiff without probable cause.

Plaintiff also brings a claim for municipal liability against Defendant City of Dallas, because of its failure to train, supervise, and discipline Defendant Sgt. Rudloff.

Defendant Sgt. Rudloff raises in defense that Plaintiff has: failed to state a claim against him upon which relief can be granted; that he did not engage in any conduct that violated Plaintiff's rights; that his actions were taken in good faith and consistent with applicable law; and that he is entitled to qualified immunity. Doc. 14 at 12-13.

Defendant City of Dallas raises in defense that Plaintiff has failed to state a claim against it upon which relief can be granted. Doc. 15. Defendant City of Dallas also raises the defenses that it had no unconstitutional policies or practices, that the City's policymaker was not deliberately indifferent to Plaintiff's rights, and that no City action or inaction was the moving force behind any of Plaintiff's alleged injuries.

**(b)   A proposed discovery plan.**

Pursuant to the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (Docket No. 16), Plaintiff certifies that he exchanged initial disclosures on **August 10, 2022**. Defendants' certify that they exchanged initial disclosures on **August 11, 2022.**

*(i)   Estimate of time needed for discovery, specification of subjects for discovery, and limitations on discovery.*

The parties agree to conduct an initial discovery phase of 90 days limited to the issue of Defendant Sgt. Rudloff's defense of qualified immunity. The parties propose the

90-day period begin running from the entry of a scheduling order by the Court. The parties further propose that a deadline for motions for summary judgment around the defense of qualified immunity be set 45 days after the closure of the qualified immunity discovery period.

*(ii)    Any issues related to disclosure or discovery of ESI.*

The parties currently have no disputes regarding disclosure or discovery of ESI. If the parties later cannot come to an agreement on the scope of an applicable search and production of ESI, they intend to seek Court intervention.

*(iii)   Proposed changes in the limitations on discovery imposed by the Rules.*

**Plaintiff's Position:** It is inefficient to delay conducting discovery altogether pending the City's motion to dismiss, particularly since most of the materials Plaintiff will seek are public records that Plaintiff understands the City has already produced to other entities. Rather than postponing all discovery, Plaintiff proposes conducting paper discovery and postponing depositions.

**The City's Position:** The City maintains *Monell* discovery should be stayed pending its Motion to Dismiss; Plaintiff does not agree. The City will move for a protective order if Plaintiff seeks discovery.

The parties do not propose any other changes to limitations imposed under the Federal Rules of Civil Procedure or the Court's Local Rules.

*(i)    Stipulated facts to be removed from scope of discovery.*

The parties have agreed to not stipulate to any facts in this proceeding at this time.

*(i)    Presumptive limits under FRCP.*

The parties agree that the presumptive limits should apply to this case.

   *(vi)    No other proposed limitations on discovery.*

The parties do not believe any further changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules. Plaintiff agrees to proceed under the Federal Rules of Civil Procedure and the Local Rules, as drafted.

   *(vii)    Issues relating to claims of privilege.*

The parties do not anticipate any issues regarding privileged materials or protection of trial preparation materials at this time.

   *(viii)    Proposed deadline to complete discovery.*

The parties propose that all discovery be completed by **March 31, 2023**.

   *(ix)    Deadline to designate expert witnesses.*

The parties propose that disclosure of expert testimony pursuant to Federal Rule Civil Procedure 26(a)(2) be made by the party with the burden of proof of a claim or defense by **April 28, 2023**, and rebuttal witnesses by **May 26, 2023**. Thereafter, Plaintiff proposes that each party shall have until **July 14, 2023**, in which to object to the other party's expert witnesses. Such objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all of the information necessary to make a ruling on any objection.

   *(x)    Other Orders entered by the Court under Rule 26I or Rule 16(b) or (c):*

None.

**II**    **Basis for jurisdiction over this action and the parties within.**

The parties agree that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the

United States, and pursuant to 28 U.S.C. § 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii), and 42 U.S.C. §§ 1983 et seq., as amended.

The parties agree that venue is proper in this Court as the encounters at issue in this case occurred in this judicial district.

**(d)     Pending or contemplated motions.**

*(i)* Pending motion: Defendant City of Dallas's Motion to Dismiss Plaintiff's Complaint, Dkt. 15.

*(ii)* Contemplated motion: Defendant Sgt. Rudloff's Motion for Summary Judgment on Defense of Qualified Immunity.

**€     A proposed time limit to file motions for leave to join other parties and amend the pleadings.**

The parties propose that other parties be joined by **September 16, 2022**, and that a motion for leave to add parties is not necessary provided parties are added by this date; otherwise, leave of Court is required.

The parties also propose that amended pleadings be filed by **September 16, 2022**, and that a motion for leave to amend is not necessary if filed before or on this date; otherwise, leave of Court is required.

**(f)     Proposed time limits to file various types of motions.**

The parties propose that Motions to Transfer, Motions to Dismiss, Motions for Summary Judgment, and other dispositive motions be filed by **July 14, 2023**.[1]

Plaintiff also proposes that pre-trial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) be set for a date after the Court issues a ruling on any dispositive motions filed by the parties.

**(g)     Proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded.**

The parties propose trial begin on **December 4, 2023**. The parties estimate approximately **5 days** will be required for trial. The parties agree a jury trial has been properly demanded.

**(h)     A proposed date for commencing settlement negotiations.**

**(i)**     The parties propose that they commence settlement negotiations by **April 14, 2023.**

**Any other matters relevant to the status or disposition of the case.**

Plaintiff agrees that all depositions to be read into evidence or shown in Court as part of the parties' case-in-chief shall be edited so as to exclude all unnecessary, repetitious, and irrelevant testimony.  Only those portions of depositions that are relevant to the issues in controversy shall be read into evidence or shown in open Court.

The parties consent to allow service of documents by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).  For purpose of serving documents by electronic means, Plaintiff agrees to send a copy to Defendants' counsel at the following e-mail address: john.ligon@Dallas.gov, tatia.wilson@Dallas.gov, and patricia.shake@Dallas.gov.  Defendants

---

[1] The parties request that the dispositive motions deadline is *after* the close of discovery so that the facts are fully developed before dispositive motion briefing begins and so that the parties are not required to file amended or supplemental briefs to a dispositive motion based on additional discovery being conducted.

agree to serve documents by electronic means to Plaintiff by sending a copy to Plaintiff's counsel at the following e-mail addresses: dhenderson@equalrights.law, psteffensen@smu.edu, svancoevorden@equalrights.law, and acabello@equalrights.law.

**(i)    Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge.**

The parties do not consent to trial before a Magistrate Judge at this time.

Dated:  August 17, 2022

Respectfully submitted

Christopher J. Caso
City Attorney

*/s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallascityhall.com
7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: (214) 670-3519

**COUNSEL FOR DEFENDANTS**

/s/ David W. Henderson
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Sebastian Van Coevorden
Texas State Bar No. 24128101
svancoevorden@equalrights.law
ELLWANGER LAW LLLP
400 S. Zang Blvd. Ste. 600
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile:  (469) 998-6775

Peter B. Steffensen
Texas State Bar No. 24106464
psteffensen@smu.edu
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, TX 75275
Telephone: (214) 768-4077
Facsimile:  (214) 768-1611

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 17, 2022, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

                 */s/ David W. Henderson*
                 David W. Henderson