IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER RUSANOWSKY, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> CITY OF DALLAS and SGT. ) <br> ROGER A. RUDLOFF, individually ) <br> and in his official capacity as a Dallas ) <br> Police Department Police Officer, ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 3:22-cv-1132 |

**JOINT STATUS REPORT**

On February 9, 2023, the Court issued an Order (Dkt. 37) conditionally granting Plaintiff's motion for limited discovery (Dkt. 30) to address the as-yet unresolved issue of Defendant Sgt. Roger A. Rudloff's qualified immunity. In its Order, the Court directed the parties to continue conferring over the content which the parties agree fit within the "narrow parameters" established by the Fifth Circuit for pre-summary judgment discovery into an officer's qualified immunity from suit. (Dkt. 37 at 17). The Court further directed the parties to file this status report by March 3, 2023 to advise the Court on their progress towards reaching an agreement on permissible discovery at this phase.

I. **Agreed Discovery Requests.**

Counsel for the parties conferred by phone on February 28, 2023. The parties agree that the following discovery requests are authorized at this time because they are "narrowly tailored to

1

uncover only the facts necessary to rule on [Defendant Sgt. Rudloff's] immunity defense."[1] *Id.* at 6 (quoting *Webb v. Livingston*, 618 F. App'x 201, 210 (5th Cir. 2015)):

1. The parties agree that—subject to a diligent search by the City Defendant for footage within its possession, custody, and control—bodycam footage generated by officers on the scene of the events giving rise to this litigation, recorded between 8:15 p.m. and 8:55 p.m. on May 30, 2020, may be produced at this phase. The parties understand this forty-minute window to cover the approximate period of time between when police officers on the scene entered the freeway to disperse the protesters present there, through the time of Plaintiff's arrest. Counsel for Defendants confirmed that after a diligent search, the City has located footage responsive to this request.

2. The parties agree that among the investigative records Plaintiff sought in his proposed modification to City RFP No. 8 (Dkt. 36 at 4, Item No. 3), records may be produced that disclose information on Defendant Sgt. Rudloff's whereabouts and activities between 8:15 p.m. and 8:55 p.m. on May 30, 2020. The parties further agree that the City Defendant may redact information from these records that does not pertain to Sgt. Rudloff's whereabouts and activities, and his interactions with the Plaintiff. The parties will attempt to resolve any disputes arising from those redactions after such records are produced.

Because the parties were able to reach agreement on these two sets of discovery requests, Plaintiff withdraws his motion as to his remaining requests.

**II.    Defendant's Request and Plaintiff's Response.**

At the same discovery conference above, counsel discussed the addition of one discovery request for Defendant in response to this Court's interpretation of Plaintiff's pleadings in its

---

[1] Defendant maintains that no discovery is necessary for resolution of qualified immunity. However, based on this Court's instructions, Defendant has agreed to the below.

February 9, 2023 Order. While respectfully conferenced in good faith, the Parties could not agree. The following are their positions.

### a. Defendant's Request.

After this Court's February 9, 2023 Order, Defendant believes Plaintiff's artfully-pled Complaint and Rule 7(a)(7) Reply leave in doubt a fact issue that is potentially central to Defendant's qualified immunity defense: whether Plaintiff claims he was ever actually on a roadway before he was arrested. As this Court's Order notes, Plaintiff alleges he "*clearly and visibly* did not follow the protestors onto the freeway . . ." ECF No. 26 ¶¶ 3-11 (emphasis added). Further, Plaintiff claimed that "[a]t no time did [he] *obstruct traffic on any roadway* . . ." *Id*. ¶ 31. The relevant statute at issue does not prohibit "obstructing *traffic*," whether clearly or visibly, but rather whether a person

> obstructs a *highway, street,* sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others.

Tex. Penal Code Ann. § 42.03(a)(1).

Defendant submits that Plaintiff has nowhere specifically stated, certainly not under oath, that he was never on a public roadway. Defendant requests a single interrogatory – based on Plaintiff's pleadings – to clarify Plaintiff's allegations:

1) Please state whether, on May 30, 2020, you ever walked on a public freeway, highway, or street from the time you "parked [your] car in downtown Dallas and joined two other journalists to begin documenting the historic events" to when you were arrested. Include in your answer whether you were on I-35 or any of its adjacent roads and not specifically on a crosswalk.

Defendant did not previously seek discovery on this issue. Defendant had interpreted Plaintiff's pleadings to have not specifically alleged that Plaintiff was never actually on a roadway in violation of section 42.03 of the Texas Criminal Code. This singular interrogatory would clarify this matter.

### b. Plaintiff's Response to Defendant's Request.

Following the Parties' February 28th conference, counsel for Plaintiff informed counsel for Defendants that they would not oppose a motion asking the Court's permission to take their proposed interrogatory, nor are they opposed to answering the proposed interrogatory should the Court permit it. However, counsel for Plaintiff added that Defendants are now more than three months past the deadline set in the Court's Qualified Immunity Order for seeking leave to take discovery, and therefore Plaintiff believes that Defendants cannot show good cause for their delay. *See* Dkt. 29 (setting Nov. 21, 2022 deadline for motions to conduct limited discovery).

Per the Court's Qualified Immunity Order, Dkt. 23 at 2, Defendants need a court order to propound their proposed interrogatory—a court order which must be sought through a motion. Fed. R. Civ. P. 7(b)(1). But Defendants cannot bootstrap their request onto Plaintiff's motion—to obtain the relief they seek, they must file a motion of their own. For that reason alone, Defendants' request is not properly before the Court and should be denied. *See Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, No. 3:10-cv-423-J-34PDB, 2014 WL 11412694, at *4 (M.D. Fla. Apr. 10, 2014) (declining to consider request for affirmative relief in status report because it was not made via motion). Should Defendants seek the Court's leave to take the discovery they want through a properly-made motion, Plaintiff is unopposed.

| | |
|---|---|
| Dated: March 3, 2023 | Respectfully submitted,<br><br>/s/ David W. Henderson<br>David W. Henderson<br>Texas State Bar No. 24032292<br>dhenderson@equalrights.law<br>J. Sebastian Van Coevorden<br>Texas State Bar No. 24128101<br>svancoevorden@equalrights.law<br>ELLWANGER LAW LLLP<br>400 S. Zang Blvd. Ste. 600<br>Dallas, TX 75208<br>Telephone: (469) 998-6775<br>Facsimile: (469) 998-6775<br><br>Peter B. Steffensen<br>Texas State Bar No. 24106464<br>psteffensen@smu.edu<br>SMU DEDMAN SCHOOL OF LAW<br>FIRST AMENDMENT CLINIC<br>P.O. Box 750116<br>Dallas, TX 75275<br>Telephone: (214) 768-4077<br>Facsimile: (214) 768-1611<br><br>*Attorneys for Plaintiff*<br><br>CITY ATTORNEY OF THE CITY OF DALLAS<br><br>Tammy L. Palomino<br>Interim City Attorney<br><br>/s/ J. Cheves Ligon<br>J. Cheves Ligon<br>Senior Assistant City Attorney<br>Texas State Bar No. 24070147<br>john.ligon@dallas.gov<br><br>7DN Dallas City Hall<br>1500 Marilla Street<br>Dallas, Texas 75201<br>Telephone:  214-670-3519<br>Facsimile:   214-670-0622<br><br>*Attorneys for Defendants* |

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Peter B. Steffensen*
Peter B. Steffensen
