IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUSANOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1132-K |
| | § | |
| THE CITY OF DALLAS and SGT. | § | |
| ROGER A. RUDLOFF, individually and | § | |
| in his official capacity as a Dallas Police | § | |
| Department Police Officer, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Rusanowsky has sued the City of Dallas and one of its police officers (Sgt. Roger A. Rudloff) alleging that the defendants violated his constitutional rights to record the police performing their duties in public, to not be detained without reasonable suspicion, and to not be subjected to warrantless arrest without probable cause. *See* Dkt. No. 1. Rudloff answered, asserting qualified immunity. *See* Dkt. No. 14, ¶ 2.4.1.

Rusanowsky moved for leave to conduct limited discovery and Rudloff responded to that motion. *See* Dkt. Nos. 30, 31. The Court then referred the motion to the undersigned United States magistrate judge for disposition under 28 U.S.C. § 636(a), *see* Dkt. No. 32.

After obtaining a joint status report from the parties, *see* Dkt. Nos. 35, 36, the Court entered a memorandum opinion and order on February 9, 2023, conditionally granting in part and denying in part Rusanowsky's motion for leave and requiring

the parties to meet and confer to discuss discovery requests that fit into the narrow parameters outlined by the Court and file a second joint status report [Dkt. No. 37] (the February 9 Memorandum Opinion and Order). *See also Rusanowsky v. City of Dall.*, No. 3:22-cv-1132-K, 2023 WL 1870074 (N.D. Tex. Feb. 9, 2023).

The parties' second joint status report (the Second JSR), filed March 3, 2023, sets out their agreement as to two discovery requests by Rusanowsky, requests they agree are narrowly tailored to uncover only facts that the Court needs to rule on Rudloff's entitlement to qualified immunity:

- The parties agree that – subject to a diligent search by the City Defendant for footage within its possession, custody, and control – bodycam footage generated by officers on the scene of the events giving rise to this litigation, recorded between 8:15 p.m. and 8:55 p.m. on May 30, 2020, may be produced at this phase. The parties understand this forty-minute window to cover the approximate period of time between when police officers on the scene entered the freeway to disperse the protesters present there, through the time of Plaintiff's arrest. Counsel for Defendants confirmed that after a diligent search, the City has located footage responsive to this request.

- The parties agree that among the investigative records Plaintiff sought in his proposed modification to City RFP No. 8 (Dkt. 36 at 4, Item No. 3), records may be produced that disclose information on Defendant Sgt. Rudloff's whereabouts and activities between 8:15 p.m. and 8:55 p.m. on

> May 30, 2020. The parties further agree that the City Defendant may redact information from these records that does not pertain to Sgt. Rudloff's whereabouts and activities, and his interactions with the Plaintiff. The parties will attempt to resolve any disputes arising from those redactions after such records are produced.

Dkt. No. 38 at 2.

The Court concurs with the parties' assessment that these requests are appropriately narrowly tailored for the reasons set out in the February 9 Memorandum Opinion and Order. The Court therefore AUTHORIZES this discovery and REQUIRES that Rudloff file a notice advising the Court when (no later than **30 days** after entry of this order) the discovery is produced to Rusanowsky.

The Second JSR further sets out a disagreement between the parties as to a discovery request by Rudloff, a single interrogatory to Rusanowsky to clarify his allegations:

> Please state whether, on May 30, 2020, you ever walked on a public freeway, highway, or street from the time you "parked [your] car in downtown Dallas and joined two other journalists to begin documenting the historic events" to when you were arrested. Include in your answer whether you were on I-35 or any of its adjacent roads and not specifically on a crosswalk.

Dkt. No. 38 at 3.

Rusanowsky informs the Court that, while he is not opposed to the substance of this interrogatory, "Defendants [should] seek the Court's leave to take the discovery they want through a properly-made motion." *Id.* at 4.

As a panel of the United States Court of Appeals for the Fifth Circuit recently

confirmed, the restrictive special procedure for obtaining discovery where qualified immunity has been asserted in good faith does not necessarily apply to the party asserting qualified immunity:

> [W]here the pleadings are sufficient to overcome QI, the district court must deny the motion to dismiss without the benefit of pre-dismissal discovery. In the latter scenario, however, our precedent gives the defendant-official at least two choices after his motion to dismiss is denied. First, the defendant can immediately appeal the district court's denial under the collateral order doctrine. Or second – à la *Lion Boulos* and its progeny – the defendant can move the district court for discovery limited to the factual disputes relevant to whether QI applies, then reassert QI in a summary judgment motion. Why does the defendant alone enjoy this choice? Because only the defendant-official enjoys qualified immunity from suit.

*Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (citations omitted).

So, while it may a better practice for Rudloff to move for the discovery he now seeks through his own motion, considering that the issue before the Court is Rudloff's "qualified immunity from suit" and that the Court invited the parties to cooperatively (and less formally) resolve qualified immunity discovery requests consistent with the scope of the February 9 Memorandum Opinion and Order, the Court AUTHORIZES Rudloff's proposed interrogatory and REQUIRES that Rusanowsky file a notice advising the Court when (no later than **30 days** after entry of this order) an answer is provided to Rudloff.

## Conclusion

The Court GRANTS IN PART AND DENIES IN PART Plaintiff Christopher Rusanowsky's motion for discovery as supplemented [Dkt. Nos. 30, 35, 38] and GRANTS Defendant Roger A. Rudloff's construed motion for discovery [Dkt. No. 38]

for the reasons set out above and in the February 9 Memorandum Opinion and Order.

SO ORDERED.

DATED: March 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE