IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUSANOWSKY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1132 |
| | § | |
| THE CITY OF DALLAS, SGT. ROGER | § | |
| A. RUDOLF, Individually and in | § | |
| his official capacity as a Dallas Police | § | |
| Department Police Officer, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT CITY OF DALLAS'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Dallas ("the City"), pursuant to Rule 56 of Civil Procedure and Local Civil Rule LR 56.3, files this motion for summary judgment as to all claims alleged against it by Plaintiff. The City separately files its supporting brief (ECF No. 71) in accordance with Local Civil Rules LR 56.5 and LR 56.6.

### I.   SUMMARY OF CLAIMS AND DEFENSES

Plaintiff asserts one causes of action against the City pursuant to 42 U.S.C. § 1983 for allegedly failing to supervise/discipline its employee, Defendant Sgt. Roger A Rudloff ("Sgt. Rudloff").

In this motion, the City seeks summary judgment on all claims against it. Per Local Civil Rule LR 56.3 ("Content of Motion"), the elements of each claim or defense as to which the City seeks summary judgment are set forth in its supporting brief. ECF No. 71.

### II.   RELEVANT PROCEDURAL HISTORY

On May 23, 2022, Plaintiff filed his Complaint. ECF No. 1 ("Complaint"). Plaintiff's live

1

pleading lodged two *Monell* claims against the City: (1) failure to train DPD officers;[1] and (2) failure to supervise/discipline Sgt. Rudloff.[2] This Court denied the City's motion as to Plaintiff's failure to supervise/discipline claim. ECF No. 30 at pp. 17-18. This Court dismissed Plaintiff's failure-to-train claims but granted him thirty days to replead. *Id.* at p. 19. However, because Plaintiff failed to replead those claims, this Court dismissed them with prejudice on May 8, 2023. ECF No. 48.

On March 4, 2024, this Court granted Sgt. Rudloff's motion for summary judgment and dismissed Plaintiff's claims against him entirely. ECF No. 69. In the opinion, this Court granted the City permission to file for summary judgment, albeit "confin[ing] its arguments in support . . . to the ones that depend on the dismissal of the claims against Sgt. Rudloff." *Id.* at pp. 21-22.[3]

### III.   SUMMARY OF UNDISPUTED FACTS

Pursuant to Local Rule LR 56.3(b), the City's summary of undisputed facts is included in its supporting brief. ECF No. 71.

### IV.   REQUESTED RELIEF

The City seeks summary judgment on all claims against it, dismissal *with prejudice* from this lawsuit, and all other relief to which it is entitled.

### V.   CONCLUSION

Because Sgt. Rudloff did not violate Plaintiff's constitutional rights, the City is entitled to dismissal of Plaintiff's section 1983 claims and should be granted summary judgment as a matter of law on all claims against it.

---

[1] Compl. ¶¶ 29, 46, 75-80, 83-84, 113, 115.

[2] *Id.* ¶¶ 13, 72-74, 113-14; *see also* Doc. No. 18 at 28-29.

[3] This Court noted that Sgt. Rudloff had, in a footnote to his summary judgment papers, "argue[d] that dismissal of Mr. Rusanowsky's claims against him requires dismissal of the Mr. Rusanowsky's claims against the City of Dallas . . ." *Id.* at p. 21.

Respectfully submitted,

CITY ATTORNEY OF THE CITY O F DALLAS

TAMMY L. PALOMINO
City Attorney

*s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
 john.ligon@dallas.gov

Dallas City Attorney's Office
7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:	214-670-3519
Facsimile:	214-670-0622

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice.  I further certify that to the extent applicable I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*s/ J. Cheves Ligon*
Senior Assistant City Attorney