IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUSANOWSKY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1132 |
| | § | |
| THE CITY OF DALLAS, SGT. ROGER | § | |
| A. RUDOLF, Individually and in | § | |
| his official capacity as a Dallas Police | § | |
| Department Police Officer, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT CITY OF DALLAS'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Dallas ("the City" or "Defendant") submits the following Brief in Support of its Motion for Summary Judgment (ECF No. 70.)

## I.   INTRODUCTION

Plaintiff Christopher Rusanowsky ("Mr. Rusanowsky" or "Plaintiff"), a photojournalist, was arrested in 2020 while covering George Floyd-related protests in Dallas. Plaintiff's Complaint alleges that Defendant Sgt. Roger Rudloff ("Sgt. Rudloff") deprived him of his constitutional rights under the First, Fourth, and Fourteenth Amendments by arresting him for covering the news. However, as this Court has already found in its Memorandum Opinion and Order of March 4, 2024 (ECF No. 69), the undisputed evidence shows that Sgt. Rudloff had probable cause to arrest Plaintiff based on his personal observations of Mr. Rusanowsky engaging in criminal activity constituting misdemeanor offenses under Texas law. This Court also found that Sgt. Rudloff cannot be liable for any alleged malicious prosecution because the undisputed evidence showed he engaged in no actual legal process.

Plaintiff's sole claim against the City alleges municipal liability for a failure to supervise/discipline one of the City's over 13,000 employees for a handful of alleged incidents: Sgt. Rudloff.[1] Because Sgt. Rudloff violated none of Mr. Rusanowsky's rights, Plaintiff cannot establish or raise any genuine issues of material fact that the City deprived him of his constitutional rights. Therefore, the City is entitled to summary judgment.

## II.   RELEVANT PROCEDURAL HISTORY

On May 23, 2022, Plaintiff filed his Complaint. ECF No. 1 ("Complaint"). Plaintiff's live pleading lodged two *Monell* claims against the City: (1) failure to train DPD officers;[2] and (2) failure to supervise/discipline Sgt. Rudloff.[3] This Court denied the City's motion as to Plaintiff's failure to supervise/discipline claim. ECF No. 30, at 17-18. This Court dismissed Plaintiff's failure-to-train claims but granted him thirty days to replead. *Id.* at 19. However, because Plaintiff failed to replead those claims, this Court dismissed them with prejudice on May 8, 2023. ECF No. 48.

On March 4, 2024, this Court granted Sgt. Rudloff's motion for summary judgment and entered summary judgment for Sgt. Rudloff on Plaintiff's claims against him entirely. ECF No. 69. In its opinion, this Court granted the City permission to file for summary judgment, albeit "confin[ing] its arguments in support . . . to the ones that depend on the dismissal of the claims against Sgt. Rudloff." *Id*. at 21-22.[4]

---

[1] *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851–52 (5th Cir. 2009) (finding twenty-seven alleged incidents of misuse of force cannot constitute pattern for municipal liability for a city the size of Fort Worth.)

[2] Compl. ¶¶ 29, 46, 75-80, 83-84, 113, 115.

[3] *Id*. ¶¶ 13, 72-74, 113-14; *see also* ECF No. 18 at 28-29.

[4] This Court noted that Sgt. Rudloff had, in a footnote to his summary judgment papers, "argue[d] that dismissal of Mr. Rusanowsky's claims against him requires dismissal of the Mr. Rusanowsky's claims against the City of Dallas." *Id*. at 21.

### III.     APPLICABLE LEGAL STANDARDS

#### a. Legal standards for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Celotex*, 477 U.S. at 323.

A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.*; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The moving party, however, need not support his motion with affidavits or other evidence negating the elements of the nonmovant's claim. *Celotex*, 477 U.S. at 323. Once the moving party has satisfied this initial burden, the burden then shifts to the nonmoving party to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).

To withstand a motion for summary judgment, the nonmovant must present evidence sufficient to establish the existence of a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Celotex*, 477 U.S. at 322-23; *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In other words, the nonmovant must set forth specific facts supported by competent summary judgment evidence that would establish each of the challenged elements of its case for which it will bear the burden of proof at trial. *Topalian*, 954 F.2d at 1131. The nonmovant cannot rest upon mere conclusory allegations or denials of the adverse party's pleadings but must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). "Only disputes over facts that might affect the outcome

of the suit under the governing laws will properly preclude the entry of summary judgment." *Liberty Lobby*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" should not be considered by the Court. *Id.*

While the Court must construe all evidence and justifiable inferences drawn from the record in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986), it need not consider conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation when ruling on a summary judgment motion. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth*, 19 F.3d at 1533. Moreover, the Court should not assume in the absence of sufficient proof that the nonmovant could or would prove the necessary facts. *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### b. Without any violations of constitutional rights, there can be no *Monell* liability.

To establish municipal liability (a "*Monell* claim") under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (internal quotations omitted). Where there is a finding on the merits that the decedent's constitutional rights were not violated, there is no basis for liability on the part of the municipality. *Alpha v. Hooper*, 440 F. 3d 670, 672 (5th Cir. 2006) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 798-99 (1986); *see also Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022) (citations omitted) ("But without a predicate constitutional violation, there can be no *Monell* liability.").

## IV.    ARGUMENTS AND AUTHORITIES

As discussed above, the only live *Monell* claim against the City involves alleged failures to supervise/discipline. As to the substance of Plaintiff's allegations, this Court explained,

> Plaintiff does not appear to allege that the City has a standard or consistent policy of shielding officers of the DPD as a collective (*i.e.*, a "systematic inattention" to complaints about officer misconduct in general). Instead, Plaintiff's failure to supervise or discipline theory pertains solely to Sgt. Rudloff. Specifically, Plaintiff alleges that the City has a policy of insufficiently supervising and / or disciplining Sgt. Rudloff, an officer with a history of violating constitutional rights, and that the City was aware or should have been aware of this fact. Plaintiff argues that the City's failure to properly supervise and discipline Sgt. Rudloff constitutes deliberate indifference towards the constitutional rights of others, and that the policy directly caused Plaintiff's injury, which was a highly predictable outcome given Sgt. Rudloff's purported history.

ECF No. 40, at 17 (citations omitted).

Therefore, the City can only be held liable for constitutional violations of Mr. Rusanowsky's rights that Sgt. Rudloff caused.

### a.  This Court found that Sgt. Rudloff did not violate Mr. Rusanowsky's constitutional rights.

Plaintiff's Complaint lodged three causes of action against Sgt. Rudloff pursuant to section 1983: (1) "Violation of [Plaintiff's] First and Fourteenth Amendment Rights" for his alleged retaliatory arrest, Compl. ¶¶ 86-95, (2) "Violation of [Plaintiff's] Fourth and Fourteenth Amendment Rights" for his arrest allegedly without probable cause for highway obstruction or riot participation, *id.* ¶¶ 96-103, and (3) "Violation of [Plaintiff's] Fourth and Fourteenth Amendment Rights" for malicious prosecution due to Plaintiff's charge of riot participation, *id.* ¶¶ 104-10. This Court granted summary judgment on all three of Plaintiff's claims against Sgt. Rudloff. *See generally* ECF No. 69.

This Court dismissed the first two claims because "each stems from Mr. Rusanowsky's arrest near Interstate 35, *and Sgt. Rudloff had reason to believe there was probable cause to make*

5

*the arrest.*" ECF No. 69, at 9 (emphasis added). Specifically, as this Court found, "[s]ince Sgt. Rudloff reasonably could have believed he had probable cause to arrest Mr. Rusanowsky for walking the wrong way down Interstate 35, he did not violate Mr. Rusanowsky's clearly established Fourth Amendment rights by arresting him." *Id*. at 10. This finding, this Court noted, was also "practically dispositive of [Mr. Rusanowsky's] First Amendment retaliation claims." *Id*. at 16. Because there was "no reason to exempt Mr. Rusanowsky's First Amendment retaliatory arrest claim from the general rule that arguable probable cause is a valid defense," Mr. Rusanowsky's First Amendment claim was likewise dismissed. *Id*. at 19.

This Court entered summary judgment against Plaintiff on his malicious prosecution claims for several reasons. First, at the time of the arrest and charge in 2020, the Fifth Circuit "held that there [was] no 'free-standing constitutional right to be free from malicious prosecution.'" *Id*. at 20 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc)). Because this long-standing rule was not abrogated until 2022 in *Thompson v. Clark*, 596 U.S. 36, 42 (2022), qualified immunity barred Mr. Rusanowsky's claim. *Id*. (citations authorities).

Secondly, and critically,

> [p]rior to *Thompson*, the Fifth Circuit recognized that a claim for Fourth Amendment malicious prosecution might survive if it was not freestanding, meaning that the maliciously instituted proceedings led to an independent Fourth Amendment violation such as a detention based on a warrant pro-cured by fraudulent affidavit. To the extent Mr. Rusanowsky tries to bring his malicious prosecution claim within this rule, it does not fit. Before and after *Thompson*, Courts have recognized that liability for malicious prosecution extends only to defendants who commit their wrong-doing by legal process. An arrest pursuant to a warrant counts, but a warrantless arrest does not. It is not legal process. Sgt. Rudloff arrested Mr. Rusanowsky without a warrant. He had nothing to do with the affidavit that other officers later prepared in hopes of securing a warrant to hold Mr. Rusanowsky in jail. Even if Mr. Rusanowsky could show that the affidavit was false or failed to establish probable cause for arrest, that would not be a basis for holding Sgt. Rudloff liable.

*Id*. at 20-21 (citations omitted); *see also id.* at 7 ("In an incident report, DPD officers accused [Mr. Rusanowsky] of riot participation, and in an affidavit for an arrest warrant, they accused him of obstructing a highway. Sgt. Rudloff did not contribute to either document . . . .") (citations omitted). Consequently, even if qualified immunity had not applied, based on the undisputed evidence, Sgt. Rudloff was not responsible for any alleged malicious prosecution of Mr. Rusanowsky.

Given the Court's finding that Sgt. Rudloff contributed nothing to the legal processes at issue, other doctrines likewise absolve him of constitutional liability. First, the warrant obtained for Mr. Rusanowsky's arrest was placed before a judge who, in turn, signed off on it. (App. 13-14.) Under the independent intermediary doctrine, "even an officer who acted with malice . . . will not be liable if *the facts* supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016) (citation omitted) (emphasis in original). Second, under Fifth Circuit law, the record shows a complete absence of evidence for multiple elements of malicious prosecution. *See Wallace v. Taylor*, No. 22-20342, 2023 WL 2964418, at *6 (5th Cir. Apr. 14, 2023) (citations omitted) ("(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages."). Because Sgt. Rudloff had nothing to do with the securing of the warrant/charge, Mr. Rusanowsky's malicious prosecution claim fails for lack of evidence of elements (2) and (5) at the very least.

Therefore, this Court found that Sgt. Rudloff did not violate Mr. Rusanowsky's constitutional rights.

### b. The City is entitled to summary judgment because this Court found that Sgt. Rudloff did not violate Mr. Rusanowsky's constitutional rights.

A municipality cannot be held liable when its employee did not violate the Constitution. *Heller*, 475 U.S. at 799. In *Heller*, the Supreme Court recognized that the city was sued only because it was thought responsible for the officer's conduct, and it reasoned that "if [the officer] inflicted no constitutional injury on [Heller], it is inconceivable that [the city] could be liable[.]" *Id.* at 799. In other words, a municipality cannot be held liable for damages "based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *Id.; see also Cardenas v. San Antonio Police Dep't*, 417 F. App'x 401, 402 (5th Cir. 2011) (per curiam) (holding that, because "individual defendants did not inflict any constitutional harm on [plaintiff], the district court properly granted summary judgment for the City").

As noted above, this Court's permitted failure to supervise/discipline claim against the City alleges liability based on the actions of one individual—Sgt. Rudloff—and the City's alleged intransigence in disciplining him. *See* ECF No. 40, at 17 ("Plaintiff's failure to supervise or discipline theory pertains *solely* to Sgt. Rudloff.") (emphasis added). Because the actions of Sgt. Rudloff do not amount to constitutional violations, under settled law, the City cannot be liable for any alleged harm Mr. Rusanowsky claims befell him.

### V.    CONCLUSION

Because Sgt. Rudloff did not violate Plaintiff's constitutional rights, the City is entitled to judgment on Plaintiff's section 1983 claims and should be granted summary judgment as a matter of law on all claims against it.

        Respectfully submitted,

        CITY ATTORNEY OF THE CITY O F DALLAS

        TAMMY L. PALOMINO
        City Attorney

        *s/ J. Cheves Ligon*
        J. Cheves Ligon
        Senior Assistant City Attorney
        Texas State Bar No. 24070147
        john.ligon@dallas.gov

        Dallas City Attorney's Office
        7DN Dallas City Hall
        1500 Marilla Street
        Dallas, Texas 75201
        Telephone:    214-670-3519
        Facsimile:     214-670-0622

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on March 25, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice. I further certify that to the extent applicable I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        *s/ J. Cheves Ligon*
        Senior Assistant City Attorney