IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER RUSANOWSKY, <br><br>*Plaintiff*, <br><br>v. <br><br>CITY OF DALLAS and SGT. ROGER A. RUDLOFF, individually and in his official capacity as a Dallas Police Department Police Officer, <br><br>*Defendants*. | Civil Action No. 3:22-cv-1132 |

**PLAINTIFF CHRISTOPHER RUSANOWSKY'S BRIEF IN RESPONSE TO DEFENDANT CITY OF DALLAS'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christopher Rusanowsky submits this brief in response to Defendant City of Dallas's Motion for Summary Judgment. Dkt. 70.

**Factual Background**

Plaintiff brought this suit against Sgt. Roger A. Rudloff, and the City of Dallas, for violating his constitutional rights after he was arrested on May 30, 2020—during a protest condemning the police killing of George Floyd in Minneapolis, Minnesota five days earlier—for photographing the police in the exercise of their official duties. Dkt. 1. Plaintiff alleged that, while on assignment for his employer, ZUMA Press, he photographed Sgt. Rudloff arresting several protesters in the vicinity and using force on them without provocation. *Id.* ¶¶ 21-23. Consequently, when Sgt. Rudloff noticed that Plaintiff was photographing him, he arrested Plaintiff without probable cause, and in retaliation for exercising his First Amendment rights to photograph Sgt. Rudloff policing the protests that day. *Id.* ¶¶ 24-29.

1

Plaintiff brought several claims against Sgt. Rudloff in his individual capacity. He alleged that Sgt. Rudloff violated his Fourth Amendment rights to be free from an arrest without probable cause, and to be free from malicious prosecution. *Id.* ¶¶ 96-110. Relatedly, Plaintiff alleged that Sgt. Rudloff's decision to arrest Plaintiff was retaliatory, because it was motivated against Plaintiff's exercise of his clearly established First Amendment right to document Sgt. Rudloff and his team's actions on May 30, 2020. *Id.* ¶¶ 86-95. Plaintiff also sued the City of Dallas. He alleged that the City, acting as a final policymaker, failed to train, supervise, and discipline Sgt. Rudloff, and that Plaintiff's unconstitutional arrest was the foreseeable consequence of these failures to act. *Id.* ¶¶ 111-17. Therefore, the City of Dallas could be held liable because the City's own failures amounted to deliberate indifference towards Plaintiff's rights. *Id.* ¶ 114-15.

## **Procedural History**

After the Defendants appeared in this suit, the City of Dallas moved to dismiss Plaintiff's claims against it, and Sgt. Rudloff raised the defense of qualified immunity in his answer. Dkts. 14, 15. Shortly thereafter, the Court entered a Qualified Immunity Order, which established a sequence and process for resolving the qualified immunity issues raised by Sgt. Rudloff. Dkt. 23. Relevant here, the Court's order stayed discovery while the defense of qualified immunity could be briefed by the parties and addressed by the Court. While the parties prepared to move for summary judgment on that issue, the Court granted in part and denied in part the City of Dallas's motion to dismiss. Dkt. 40. The Court concluded that Plaintiff had failed to state a claim for relief as to Plaintiff's failure-to-train theory, but that he could proceed with his claim alleging that the City failed to supervise or discipline Sgt. Rudloff. *Id.* at 17-18.

The parties then filed cross-motions for summary judgment on the issue of Sgt. Rudloff's qualified immunity from suit, Dkts. 46, 49, and completed their briefing on June 30, 2023. Dkts.

61, 62. Resolving those motions, the Court granted summary judgment to Sgt. Rudloff, and denied Plaintiff's motion for partial summary judgment, finding that Rudloff was entitled to qualified immunity from suit as to each of the claims Plaintiff raised against him. Dkt. 69. Concluding its Order, the Court directed the City of Dallas to file its own summary judgment motion, and instructed that the City Defendant "shall confine its arguments in support of any such motion to ones that depend on the dismissal of the claims against Sgt. Rudloff and shall not otherwise raise arguments it could have but chose not to assert by earlier summary judgment motion." *Id.* at 21-22. The City filed its motion and brief in support on March 25, 2024, Dkts. 70, 71, and Plaintiff now responds.

### **Legal Standard**

Summary judgment should only be granted if the evidence in the record shows there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 844 (5th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). "Facts are material if they might affect the outcome of the lawsuit under governing law." *U.S. v. Corpus*, 491 F.3d 205, 209 (5th Cir. 2007). The Court "view[s] the evidence and inferences in the light most favorable to the nonmoving party." *Flores v. FS Blinds, L.L.C.*, 73 F.4th 356, 361 (5th Cir. 2023).

### **Argument**

The Court's order granting summary judgment to Sgt. Rudloff disposed of Plaintiff's individual-capacity claims against him. Relevant here, the Court held that Sgt. Rudloff was entitled to qualified immunity for Plaintiff's false arrest claim, because he had arguable probable cause to arrest Plaintiff for violating Texas Transportation Code 552.006(b), which requires that a pedestrian walking on a roadway where a sidewalk is not provided to "if possible walk on the left

3

side of the roadway or the shoulder of the highway facing oncoming traffic." Dkt. 69 at 10. In so holding, the Court further explained that there was an "absence of legal authority" that would have made it clear to Sgt. Rudloff that he lacked probable cause to arrest Plaintiff for walking the wrong way down the shoulder of the interstate. *Id.* at 12.

Flowing from that conclusion, the Court likewise granted summary judgment to Sgt. Rudloff on Plaintiff's retaliatory arrest claim. *Id.* at 16. As the Court explained, a retaliatory arrest claim typically requires that the arresting officer lacked probable cause to arrest Plaintiff, unless Plaintiff can offer "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 17 (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019)). Because the Court concluded that Sgt. Rudloff possessed arguable probable cause to arrest Plaintiff for traversing the wrong side of the interstate's shoulder, and that Plaintiff's comparative evidence did not meet the standard set out in *Nieves*, the Court held that Sgt. Rudloff was entitled to qualified immunity on Plaintiff's retaliatory arrest claim as well. *Id.* at 19.

Finally, the Court granted Sgt. Rudloff qualified immunity on Plaintiff's malicious prosecution claim. The Court held that, at the time of Plaintiff's arrest, clearly established law did not support the recognition of a freestanding claim for malicious prosecution, at least not until the Supreme Court explicitly recognized the right and abrogated prior Firth Circuit precedent in *Thompson v. Clark*, 596 U.S. 36, 42 (2022). Dkt. 69 at 20.

Because the Court's order disposed of Plaintiff's constitutional claims against Sgt. Rudloff, Plaintiff's claims against the City are likely precluded as well for that reason alone. *Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022) ("[W]ithout a predicate constitutional violation, there can be no *Monell* liability."). The Court's order, however, goes no further. It does

4

not resolve any issues of disputed fact that could be relevant to the core considerations of the *Monell* analysis: whether (1) the City had an official policy (2) promulgated by an official policymaker (3) that was the moving force of Plaintiff's constitutional harm. *Hicks-Fields v. Harris Cty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017). Pertinent to the live claim against the City for failing to supervise or discipline Sgt. Rudloff, satisfying these remaining elements would require a showing that the City failed to supervise or discipline Sgt. Rudloff; that there is a "causal connection" between this failure and the resulting violation of Plaintiff's rights; and that this failure constituted "deliberate indifference" to Plaintiff's rights. *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *see* Dkt. 40 at 10-11.

Plaintiff intends to appeal some or all of the Court's conclusions once his ability to do so accrues upon the entry of a final judgment that fully disposes of all the claims in this case. *See* 15A Wright & Miller, Fed. Prac. & Proc. Juris. § 3914.10.4 (3d ed.) ("An order granting a defendant's [qualified immunity] motion is appealable if it disposes of the entire case[.]"); 28 U.S.C. § 1291. If the Fifth Circuit agrees with Plaintiff that any portion of his claims against Sgt. Rudloff should be revived, this would likewise revive Plaintiff's claims against the City of Dallas because a "predicate constitutional violation" would exist upon which Plaintiff could pursue his claims against the City. *Loftin*, 33 F.4th at 783. To that end, Plaintiff does not dispute the City of Dallas's contention that, without an underlying constitutional claim against Sgt. Rudloff, the City itself cannot be held liable under a theory of municipal liability in this particular case. Nor does Plaintiff understand the City's motion to seek summary judgment on more than that one limited, narrow point. *See* Dkt. 71 at 8.[1] Nonetheless, if Plaintiff is successful in resurrecting his claims against

---

[1] The City does appear to raise two entirely new arguments that were not previously addressed by Sgt. Rudloff in the parties' summary judgment briefing. Regarding the Court's disposition of Plaintiff's malicious prosecution claim, the City adds that the independent

5

Sgt. Rudloff, he would likewise be entitled to pursue his claims against the City, and intends to do so.

| | |
|---|---|
| Dated: April 15, 2024 | Respectfully Submitted, |

/s/ *David W. Henderson*
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
J. Sebastian Van Coevorden
Texas State Bar No. 24128101
svancoevorden@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 600
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile: (469) 998-6775

/s/ *Thomas S. Leatherbury*
Thomas S. Leatherbury
Texas State Bar No. 12095275
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard Street
Dallas, Texas 75201
tom@tsleatherburylaw.com
Telephone: (214) 213-5004

/s/ *Peter B. Steffensen*
Peter B. Steffensen
Texas State Bar No. 24106464
psteffensen@smu.edu
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, TX 75275
Telephone: (214) 768-4077

---

intermediary doctrine operates to break the causal chain and further shield Sgt. Rudloff from liability; and that the "record shows a complete absence of evidence for multiple elements of malicious prosecution." Dkt. 71 at 7. Because the Court instructed the City not to "otherwise raise arguments it could have but chose not to assert by earlier summary judgment motion[,]" Dkt. 69 at 22, these arguments go beyond the scope of the Court's mandate. Even if the Court were to consider these arguments, Sgt. Rudloff was in the best position to address each of these issues during the parties' qualified immunity briefing, and made a strategic decision not to do so. At any rate, Plaintiff adds two brief points in response.

*First*, the independent intermediary doctrine does not bar Fourth Amendment claims where an affidavit presented to an intervening actor such as a magistrate relies on "material misstatements or material omissions[.]" *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021); *see Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022) ("[I]f a plaintiff adequately pleads that an officer has obtained an arrest warrant from a magistrate in violation of *Malley* or *Franks*, then nothing more is required to show that the independent intermediary doctrine does not apply with respect to that intermediary's decision."); *see* Dkt. 56 at 15-18. *Second*, Sgt. Rudloff twice declined to address an argument that the City now makes here for the first time—that record evidence fails to show certain elements of a malicious prosecution claim were met. Sgt. Rudloff had every opportunity to address this argument when Plaintiff raised it twice in his own briefing. *See* Dkt. 46 at 30-32 (Plaintiff motion), Dkt. 56 at 42-44 (Plaintiff response to Rudloff motion); *compare* Dkt. 58 at 32-35 (Rudloff response to Plaintiff motion), Dkt. 62 at 21-22 (Rudloff reply).

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Peter B. Steffensen*
Peter B. Steffensen