IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUSANOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:22-CV-01132-K |
| | § | |
| THE CITY OF DALLAS and SGT. | § | |
| ROGER A. RUDLOFF, individually and | § | |
| in his official capacity as a Dallas Police | § | |
| Department Officer, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendant City of Dallas's Motion for Summary Judgment (the "Motion for Summary Judgment") and Brief in support thereof, Doc. Nos. 70–71, and Plaintiff Christopher Rusanowsky's Response to Defendant City of Dallas's Motion for Summary Judgment and Brief in support thereof. Doc. Nos. 72–73.

Upon consideration of the parties' submissions, the Court **GRANTS** the City of Dallas's Motion for Summary Judgment. Mr. Rusanowsky sued the City of Dallas (the "City") and Dallas Police Department ("DPD") Sgt. Roger A. Rudloff under 28 U.S.C. § 1983. Doc. No. 1. He alleged that Sgt. Rudloff deprived him of his First and Fourth Amendment rights by unlawfully arresting him. *Id.* ¶¶ 86–110. He also alleged that the City failed to properly train DPD officers and failed to discipline or supervise Sgt. Rudloff. *Id.* ¶¶ 111–17. The Court dismissed the failure to train claim with prejudice. Doc. No. 40 at 16; Doc. No. 48 at 1. Sgt. Rudloff later moved for summary

judgment, but the City did not. Doc. No. 49. The Court granted Sgt. Rudloff's motion and dismissed the claims against him. Doc. No. 69. Because Mr. Rudloff argued that the summary judgment required dismissal of Mr. Rusanowsky's surviving claims against the City, the Court allowed the City to file a summary judgment motion, "confin[ing] its arguments in support of any such motion to ones that depend on the dismissal of the claims against Sgt. Rudloff." *Id.* at 21–22. The City's summary judgment motion is now pending before the Court. Doc. No. 70. Mr. Rusanowsky "does not contest the City's very narrow argument that applicable precedent appears to compel" summary judgment. Doc. No. 72 at 1. The Court agrees with the parties. Mr. Rusanowsky has not established an underlying constitutional violation that might support his municipal liability claims against the City. *Grisham v. Valenciano*, 93 F.4th 903, 912 (5th Cir. 2024); *Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. 2022). The Court grants the City summary judgment dismissing his claims against the City with prejudice and will issue a final judgment separately.

**SO ORDERED.**

Signed April 18th, 2024.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

2